IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIKA CARRASCO
and VIVIAN MARTINEZ,

           Plaintiffs,

vs.                                                  CIVIL NO.  09-378 MCA/LFG

WALTER DRUTOK
and CONNER RICE,

           Defendants.

## ORDER DENYING PRODUCTION OF PERSONNEL FILE

THIS MATTER is before the Court following an *in camera* inspection of portions of an Internal Affairs file identified as Bates Nos. DEFS 000407-000484.  These documents were produced to the Court in accord with the Stipulated Order Granting Protective Order for Internal Affairs Files [Doc. 29].  Prior to submission of the claimed protected documents, defense counsel reviewed the documents, and based on counsel's belief that the documents would be irrelevant and inadmissible, declined to produce them.

## Background

Erika Carrasco and Vivian Martinez ("Plaintiffs") prosecute this civil rights and negligence case arising from the alleged use of excessive force and unlawful seizure.  In addition to claims brought under 42 U.S.C. § 1983, Plaintiffs assert various state tort claims, including assault, battery, false arrest and false imprisonment.  The allegations include profane language, aggressive conduct, grabbing and pushing Plaintiffs, throwing Plaintiffs to the ground, and being sprayed with OC spray. Plaintiffs filed suit to vindicate constitutional rights and recover damages for physical, mental and emotional injury.

## Discovery Process

Pursuant to requests by Plaintiffs, Defendants produced the Conner Rice Human Resource file, Bates No. DEFS 00007499; the Conner Rice Department File, Bates Nos. DEF 000100-146; the Walter Drutok Human Resource File, Bates Nos. DEFS 000147-176; and Walter Drutok Department File, Bates Nos. DEFS 000177-224.

In accord with instructions provided by the Court in a telephonic conference, Defendants were permitted to redact personal and private information from these files, i.e., pay, medical information, social securities numbers, residential addresses, telephone numbers, etc. Additionally, Defendants were permitted to withhold documents that neither were relevant, nor would lead to the discovery of relevant, admissible evidence, such as car accidents, missed court dates, and procedure issues.

Defendants withheld documents identified as Bates Nos. DEFS 000407-484 from Officer Drutok's Personnel File.  In accordance with the parties' protective order, those withheld documents were submitted to the Court for an *in camera* inspection.

## Analysis

An individual's interest in preventing disclosure of personal matters by government is well within the zone of privacy protected by the Constitution. Flanagan v. Munger, 890 F.2d 1557, 1570 (10th Cir. 1989)(*citing* Whalen v. Roe, 429 U.S. 589, 599 and n. 24 (1977)).  The due-process clause "implies an assurance of confidentiality with respect to certain forms of personal information possessed by the [government]." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986).  However, the right to confidentiality of matters contained in police internal affairs files is not absolute. Denver Policemen's Protective Assn. v. Lichtenstein, 660 F.2d 432, 435-437 (10th Cir. 1981).  So as to

consider the proper balance between Plaintiffs' right to access relevant information and Defendant's right to be free from an intrusive examination into personal matters, the Court ordered production of Defendants' Internal Affairs files for an *in camera* inspection.

Under Lichtenstein, the court determines whether the information contained in the internal affairs files is so personal or sensitive as to warrant protection, and whether the individual's right of privacy is outweighed by some outside compelling interest. The court must first determine if the requested material is relevant. Id. at 437-38. The court must then consider whether a legitimate expectation of privacy exists in the matters contained in the employment file; the disclosure serves a compelling interest; and the disclosure can be made in the least intrusive manner. Id. at 435. "[A] complete ban on the disclosure of [internal affairs] files is not necessary to protect the government's or the public's interests." Id. at 437.

## Withheld Documents

The documents withheld from production relate to an off-duty incident involving Officer Drutok which occurred eight months after the events giving rise to Plaintiffs' lawsuit. They generally relate to an altercation that occurred after Officer Drutok, while off duty and following his wife's car home, witnessed an auto accident involving a rear-end collision occasioned by a third party who struck Officer Drutok's wife's car. A physical altercation between Officer Drutok and the culpable driver ensued.

The withheld documents include, *inter alia*, investigative reports concerning the altercation, home addresses, telephone numbers, family member names, social security numbers, and medical records pertaining to the driver and Officer Drutok's wife. They contain names, addresses, phone numbers of everyone at the scene, including the third party, Officer Drutok and his spouse. They

also include a personnel action relating to the officer as a result of the conduct at the scene.

If there was a municipal liability claim and these records preexisted the date of the incident in question, the Court would have ordered the documents produced in redacted form, as they would be relevant on the issue of notice. However, there is no municipal liability claim and the assaultive behavior is far removed from the date of the incident giving rise to the Plaintiffs' Complaint. Moreover, the documents do not concern the officer's on-the-job conduct, but, rather, an off-the-job incident involving the officer's wife, who apparently was a victim.

The Court acknowledges relevancy in that both incidents, the one giving rise to this lawsuit and the one involving the off-duty conduct, concern assaultive behavior. Thus, the withheld documents clear the relevancy portion of the Lichtenstein test. However, they fail the second portion of the test. That is, there is a legitimate expectancy of privacy belonging to the officer, his spouse and the non-party driver who collided into the spouse's vehicle, and the relevancy of the documents does not outweigh those privacy interests.

Stated differently, in balancing the privacy interests of the officer, his spouse, and the third-party driver with the Plaintiffs' interests in obtaining information, the Court determines that the balance should be struck in favor of privacy. *See* Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir.), *cert. denied* 531 U.S. 926 (2000) (affirming court's decision to limit plaintiffs' discovery); Burka v. U.S. Dep't of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996) (discussing balancing factors). Therefore, Defendants' decision to withhold production of these documents is sustainable. Accordingly, the Court orders that the documents need not be produced.

Defendants are directed to retrieve the documents submitted for the *in camera* inspection and maintain them in counsel's custody in the event an appeal of this Court's ruling is filed. In the event

of such an appeal, the documents are to be filed, under seal, with the Court Clerk with access available only to the reviewing judge.

    IT IS SO ORDERED.

                                                                         _____
                                                                         Lorenzo F. Garcia
                                                                         United States Magistrate Judge