**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIKA CARRASCO and VIVIAN MARTINEZ,

        Plaintiffs,

v.                                                                         No. CIV 09-378 MCA/LFG

WALTER DRUTOK and CONNER RICE,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION IN PART AND DENYING IT IN PART**

THIS MATTER is before the Court on a Motion to Compel Discovery, Motion to Extend Discovery Deadline and Motion for Sanctions, filed by Plaintiffs Erika Carrasco and Vivian Martinez ("Plaintiffs") on January 28, 2010. [Doc. 46.] Defendants Walter Drutok and Conner Rice ("Defendants") filed a response in opposition on February 11, 2010 [Doc. 49], and Plaintiffs filed a reply on March 1, 2010 [Doc. 50]. The matter is fully briefed and ready for resolution. [Doc. 51.]

**Background**

On April 20, 2009, Plaintiffs brought this § 1983 lawsuit alleging Defendants violated their civil rights by unlawfully seizing them and using excessive force. In addition, Plaintiffs assert state tort law claims of assault, battery, false arrest and false imprisonment. [Doc. 1, Complaint.]

The incident at issue occurred on May 18, 2008, when Plaintiffs allegedly were sitting inside a vehicle while working on a car radio, outside their residence in Albuquerque, New Mexico. Defendant police officers approached on bicycles and began a dialog with Plaintiffs concerning

1

ownership of the vehicle. The facts are disputed. Plaintiffs contend that the incident resulted in Defendants' use of excessive force on them, including spraying both Plaintiffs with "OC spray" or mace while they were handcuffed. [Doc. 13, Joint Status Report, Plaintiffs' Contentions.]

Defendants claim that after conversing with Plaintiffs, they were satisfied that the situation did not involve an auto burglary and were prepared to leave. However, according to Defendants, Plaintiffs escalated the matter, behaved aggressively towards the officers, yelled at them, and struck or jumped on Defendants. [Doc. 13, Joint Status Report, Defendants' Contentions.]

Discovery in this case closed on January 11, 2010 [Doc. 15], although the Court allowed the parties until January 26, 2010, to complete the depositions of the two named Defendants. [Doc. 43.] The presiding judge scheduled a pretrial conference on June 1, 2010, and a jury trial on July 12, 2010. [Doc. 20.]

## Motion to Compel

Plaintiffs claim they have been attempting to obtain documents in response to Requests for Production since early December 2009, and that because of Defendants' failure to timely produce the documents, depositions had to be rescheduled. [Doc. 46, pp. 1-2.] Defendants assert they timely responded to discovery requests via Initial Disclosures, Supplemental Initial Disclosures, Responses to Requests for Admissions, and Answers to Interrogatories. In addition, Defendants produced documents in response to the Requests for Production. [Doc. 49, p. 1.] In total, Defendants state they produced 539 documents to Plaintiffs. [Doc. 49, p. 2.]

### I. Legal Standard

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial so long as the discovery "appears reasonably calculated to lead

to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts have determined that the scope of discovery is broad. E.E.O.C. v. Univ. of Phoenix, Inc., 2007 WL 1302578, *3 (D.N.M. Apr. 10, 2007) (unpublished opinion) (*citing* Burks v. Oklahoma Pub. Co., 81 F.3d 975, 981 (10th Cir. 1996) ("A plaintiff may be allowed 'extensive' discovery in order to prove his or her case.'").

While the federal rules provide for broad and liberal discovery, discovery is not without limits. *See* Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995) (employment discrimination case) (quotation omitted). A district court is not required "to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." McGee v. Hayes, 43 F. App'x 214, 217 (10th Cir. Jul. 22, 2002) (unpublished opinion).

Indeed, the Federal Rules of Civil Procedure were amended in 2000 with the intent to narrow discovery and to avoid "fishing expeditions." "The amendment [was] designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Advisory Committee Notes, 2000 Amendments, Rule 26(b)(1). "The rule change signals to the court that it has authority to confine discovery to the claims and defenses . . . and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Id.

In addition, the federal rules specifically mandate that a court limit the extent of discovery if it determines that:

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii). In other words, the federal rules require a court to balance one party's right of discovery with the opposing party's right to be free from intrusive and burdensome

discovery.  *See, e.g.,* Koch v. Koch Industries, Inc., 203 F. 3d 1202, 1238 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000); Burka v. United States Dep't of Health and Human Servs., 87 F.3d 508, 517 (D.C.Cir. 1996).  *See also* Wright, Miller & Marcus, Federal Practice & Procedure 2d § 2008.1 (1994) (discussing concept of proportionality with respect to discovery requests).

## II.    Discussion of Requests for Production

Initially at issue were Plaintiffs' Request Nos. 1, 5, 7, 11, and 13. [Doc. 46.] Plaintiffs received a complete response to Request No. 1, after they filed the motion to compel.

***A.    Request No. 5*** asked Defendants to produce any and all copies of any officer interviews in their possession, etc. that relate to any fact or issue in the lawsuit.  Defendants objected to producing copies of their statements that were obtained after the Tort Claims Notice was filed, contending that any such statements are protected from discovery by the work product doctrine as they were provided in anticipation of litigation. [Doc. 49, p. 2.] Plaintiffs assert that Defendants never confirmed whether such statements exist, when they might have been taken, or under what circumstances.  Thus, Plaintiffs ask that Defendants be required to explain whether the requested statements exist and to produce the statements, or, in the alternative, to submit the statements to the Court for an *in camera* review.

The Court sustains Defendants' objection and will not require production of the statements, to the extent they exist.  However, Defendants must provide to Plaintiffs, within twenty (20) days after entry of this Order, a log[1] listing the statements taken, dates of the statements, and why the statements are protected by work product doctrine.

---

[1] The phrase "Vaughn index" derives from Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 977 (1974).  It generally consists of a listing of withheld documents and describes the general nature of the withheld document, its author, the date of the document's creation and discloses to whom the document was sent or disclosed.  Withholding counsel must also disclose the nature of the privilege claimed.

**B.  Request No. 7** asked Defendants to produce Albuquerque Police Department ("APD") standard operating procedures for the use of force and use of OC spray that were in effect on the date of the incident.  Defendants objected to the request on grounds that it was overlay broad, vague and that the documents were not within Defendants' control or custody.  Defendants further explained they had requested the materials from their employer, the City of Albuquerque, but that Defendants had not yet received them.

The Court overrules Defendants' objections and requires Defendants to produce the responsive documents within twenty (20) days after entry of this Order.

**C.  Request No. 11** sought the production of documents that reflected "the amount of mace (OC) checked out by you for the twelve-month period prior to the date of the [pertinent] incident . . . and the twelve month period subsequent to the date of this incident."  Defendants objected that the request was overly broad, vague and not relevant to the issues in the case.

The Court sustains Defendants' objections, concluding that the requested documents are not relevant to the claims or defenses.  Plaintiffs make no showing as to how Defendants' "checking out" mace from the department might tend to prove Plaintiffs' claims of excessive force or the state tort claims.  Thus, after considering the needs of this case and the importance of the requested discovery in resolving the pertinent issues, any minimal relevancy of the requested information is substantially outweighed by the burdens imposed on Defendants, the possible confusion of the issues, and considerations of delay and waste of time.

**D.  Request No. 13** sought the production of Albuquerque Police Academy training manuals regarding use of force and use OC spray.  Defendants objected that the request was overly broad and vague.

The Court overrules Defendants' objections but limits the request. To the extent that any such manuals exist during the pertinent time frame, *i.e.,* that would have been used in the training of these Defendants on the use of mace or pepper spray, they must be produced within twenty (20) days after entry of this Order.

## Motion for Sanctions

Plaintiffs argue that Rule 37(b)(2)(A) authorizes sanctions against Defendants for their failure to make disclosures or cooperate in discovery. There are two problems with Plaintiffs' request for sanctions: (1) any such request must be made after a party has disobeyed a court order; and (2) the request should be made in a separate pleading after the Court enters a written order with which Defendants failed to comply. Fed. R. Civ. P. 37(b)(2)(A) (Sanctions "for not obeying a discovery order"). The request for sanctions against Defendants is denied.

## Motion to Extend Discovery

Plaintiffs ask that the discovery deadline again be extended so that any documents that are produced can be reviewed in preparation for Defendants' depositions, which apparently still have not been taken. Defendants do not object to this request but note that Defendant Drutok is currently stationed in Colorado Springs, Colorado where he is on active military duty. Defendants will, however, make him available for a deposition in Albuquerque at Defendants' expense.

Again, Plaintiffs should have promptly brought this issue to the Court's attention, separate from this motion to compel. Instead of waiting to fully brief this motion, Plaintiffs should have notified the Court, in writing or by telephone, that another extension was required before or near the time the first extension expired. The Court is unclear whether these proposed depositions might affect the deadline to file substantive motions, which already passed in February, or other case management deadlines. As the parties know, this case is already scheduled for a June pretrial

conference and a July trial. and the undersigned Magistrate Judge cannot move deadlines that would affect those dates.

Thus, the Court denies the request to extend discovery, save for the production of the documents ordered produced herein. Further, the Court will extend the deposition deadline to take the two depositions until May 17, 2010. However, all other deadlines remain in effect.

IT IS THEREFORE ORDERED that Plaintiffs' motion is granted in part and denied in part as described herein;

IT IS HEREBY ORDERED that all documents ordered produced by Defendants must be served within 20 days after entry of this Order;

IT IS FURTHER ORDERED that Plaintiffs' motion for sanctions is denied;

IT IS FURTHER ORDERED that the deadline for taking the two depositions of Defendants is extended until May 17, 2010, but that all other case management deadlines remain in effect.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge